# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| KAREN MARIE COLLIER, ) | |
| ) | No. 9:13-cv-3323-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CAROLYN W. COLVIN, ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on United States Magistrate Judge Bristow Marchant's Report and Recommendation ("R&R) that the court affirm Commissioner of Social Security Carolyn Colvin's decision denying plaintiff Karen Marie Collier's ("Collier") application for disability insurance benefits ("DIB"). Collier has filed objections to the R&R. For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I. BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A. Procedural History

Collier filed an application for DIB on July 5, 2011, alleging that she had been disabled since July 2, 2010. The Social Security Administration ("the Agency") denied Collier's application both initially and on reconsideration. Collier requested a hearing before an administrative law judge ("ALJ") and ALJ Augustus C. Martin presided over a hearing held on August 8, 2012. In a decision issued on August 30, 2012, the ALJ

1

determined that Collier was not disabled. This decision became the final decision of the Commissioner when the Appeals Council denied further review on October 17, 2013.

On November 27, 2013, Collier filed this action for judicial review. On November 6, 2014, the magistrate judge issued an R&R, recommending that this court affirm the ALJ's decision. Collier objected to the R&R on November 24, 2014, and the Commissioner responded to Collier's objections on December 10, 2014. This matter has been fully briefed and is now ripe for the court's review.

### B. Collier's Medical History

Because a comprehensive description of Collier's medical history is not particularly helpful to the resolution of this case, the court recites only a few relevant facts. Collier was fifty-nine years old on the alleged onset date. She has a high school education and past relevant work experience as a field service assistant and mechanical engineering assistant. In her application, Collier alleged disability due to heart impairments including hypertrophic cardiomyopathy, ventricular tachycardia; implanted pacemaker/defilibrator with one-hundred percent pacemaker dependency; severe migrane headaches; and sleep apnea.

### C. ALJ's Decision

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20

C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an impairment contained in 20 C.F.R. pt. 404, subpt. P, app. 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined by his residual functional capacity ("RFC")) and his vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264–65 (4th Cir. 1981). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

At the first and second steps of the sequential evaluation, the ALJ found that Collier had not engaged in substantial gainful activity from July 2, 2010 through December 31, 2015, her date last insured, and that Collier suffers from the following severe impairments: coronary artery disease, cardiomyopathy, hypertension, and obesity. Tr. 33. At the third step, the ALJ determined that Collier's impairments or combination thereof did not meet or equal the criteria of an impairment listed in the Agency's Listing of Impairments. Tr. 35. Before reaching the fourth step, the ALJ determined that Collier retained the RFC to perform "less than a full range of light work" with several restrictions. Tr. 36. Specifically, the ALJ stated that Collier could not climb ladders, ropes or scaffolds, and should "avoid concentrated exposure to extreme temperatures and

. . . avoid all exposure to hazards such as unprotected heights or dangerous, moving machinery." Id.  At step four, the ALJ found that Collier was able to perform past relevant work as a field service assistant and a mechanical engineering assistant.  Tr. 39.  Finally, at the fifth step, the ALJ found that Collier was not disabled during the period at issue.  Id.

## II.   STANDARD OF REVIEW

The court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made.  28 U.S.C. § 636(b)(1).  The court is not required to review the factual findings and legal conclusions of the magistrate judge to which the parties have not objected.  See id.  The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with the court.  Mathews v. Weber, 423 U.S. 261, 270–71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied."  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Id. (internal citations omitted).  "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence."  Id.

### III.   DISCUSSION

Collier objects to the R&R on three grounds, arguing that the magistrate judge erred in: (1) finding that the ALJ properly assessed Collier's ability to perform her past relevant work; (2) finding that the ALJ properly assessed the medical opinions; and (3) finding that the ALJ properly discussed Collier's severe impairments in combination with her migraine headaches when making the RFC assessment.

The court will discuss each of Collier's objections in turn.

#### A.     Past Relevant Work

Collier first argues that the magistrate judge erred in finding that the ALJ properly assessed Collier's ability to perform her past relevant work. Pl.'s Objections 1. Specifically, Collier argues that the ALJ did not "carefully appraise the requirements of [her past relevant] work," and further, failed to acknowledge the vocational expert's ("VE") testimony at any point in his decision. Id. at 2. Therefore, Collier contends, the ALJ failed to fully develop and explain his assessment of Collier's ability to perform her past relevant work. Id.

At the fourth step of the disability inquiry, a claimant will be found "not disabled" if she is capable of performing her past relevant work either as she performed it in the past or as it is generally required by employers in the national economy. SSR 82-61, 1975-1982 Soc. Sec. Rep. Serv. 836 (1982). The claimant bears the burden of establishing that she is incapable of performing her past relevant work. See Pass, 65 F.3d at 1203; Hunter, 993 F.2d at 35. Agency regulations explain that:

> Determination of the claimant's ability to do [past relevant work] requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of

> the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the <u>Dictionary of Occupational Titles</u>, etc., on the requirements of the work as generally performed in the economy.

SSR 82-62, 1975-1982 Soc. Sec. Rep. Serv. 809 (Jan. 1, 1982).

As an initial matter, the court finds Collier's assertion that the ALJ did not "carefully appraise the requirements of [her past relevant] work" to be meritless. In his assessment of Collier's RFC, the ALJ explicitly considered the requirements of Collier's job as an engineering assistant. For example, he noted that her "work responsibilities included getting books to and from individual offices, laying out equipment for various offices, and occasionally driving to various offices to check their records." Tr. 36–37. The ALJ further noted that Collier "testified that she did not have any lifting requirements or stand/walking requirements in her jobs" and that "her last employer had given her special accommodation during fire drills so she would not have to climb up and down the stairs." Tr. 37.

In addition, the court finds that the magistrate judge correctly summarized the VE's testimony and properly found that the ALJ implicitly relied on the VE's testimony when making his decision. At the ALJ hearing, the VE testified that Collier's past job as an engineering assistant consisted of a combination of two jobs as defined by the Dictionary of Occupational Titles ("DOT"), one part in which Collier went out in the field, and a second part in which she performed design work. Tr. 164–165. According to the VE, the DOT defines Collier's past job to include work as a field service engineer, DOT 828.261-014, a "light level" job, and as an engineering assistant, DOT 007.161-018,

a "sedentary level" job.[1]  Tr. 165.  The ALJ then asked the VE if Collier could perform her past relevant work with the RFC limitations noted in the decision, to which the VE responded affirmatively, stating that Collier could perform work both as a field service engineer and as an engineering assistant.  Tr. 166.

Although the ALJ did not explicitly mention the VE's testimony in his decision, he alluded to the VE's statements when discussing Collier's past relevant work.  Specifically, the ALJ noted that Collier "had worked in the past as a mechanical engineering assistant and field services assistant."  Tr. 36.  As the magistrate judge aptly noted, only the VE's testimony leads to the conclusion that Collier's past relevant work consisted of these two jobs.  R&R 17.  Therefore, it is implicit that the ALJ considered the VE's conclusions when making his decision.

Notably, other courts have found an ALJ's implicit considerations to be sufficient in similar contexts.  See, e.g., Brewton v. Astrue, 2010 WL 3259800, at *10 (W.D.N.C. July 26, 2010) (finding the ALJ's implicit conclusion that a physician's opinion was entitled to no weight to be sufficient, stating, "[w]hile the court would prefer an explicit determination by the ALJ, the implicit determination is readily apparent and satisfies the regulation and current case law"); Mellon v. Astrue, No. 4:08-cv-2110, 2009 WL 2777653, at *16 (D.S.C. Aug. 31, 2009) (finding that the ALJ implicitly considered the opinions of certain physicians in his assessment of the claimant's ability to perform past relevant work, and that his decision was supported by substantial evidence).

In addition, the ALJ's failure to explicitly state that he was relying on the VE's testimony in his decision likely had no practical effect on the outcome of this case.  Thus,

---

[1] Collier does not dispute that these DOT definitions apply to her past relevant work.

a remand to the ALJ on this basis "would amount to little more than an empty exercise." Mack v. Colvin, No. 4:12-cv-03168, 2014 WL 1366030, at *5 (D.S.C. Mar. 20, 2014) (finding any error by the ALJ to be harmless and remand to be inappropriate as a result) (citing Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994) (applying harmless error analysis in Social Security case); Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 656 (1st Cir. 2000) (holding that a remand is not necessary if it would "amount to no more than an empty exercise"); Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result.").

For these reasons, Collier's first objection fails.

### B.     Medical Opinions

Collier next contends that the magistrate judge erred in finding that the ALJ properly assessed the medical opinions, particularly the opinion of Dr. Williams Garmon, who Collier asserts is a treating physician. Pl.'s Objections 2.

Social Security regulations require the ALJ to consider all of the medical opinions in a claimant's case record, as well as the rest of the relevant evidence. 20 C.F.R. § 404.1527(c). Regulations further require that a treating physician's opinion be given controlling weight if that opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2); see, e.g., Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). "By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it

should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). In such a circumstance, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." Mastro, 270 F.3d at 178.

If a treating physician's opinion does not merit controlling weight, the ALJ is to evaluate it using the following factors: (1) whether the physician has examined the applicant; (2) the nature and extent of the treatment relationship; (3) the extent to which the opinion is supported by relevant medical evidence; (4) the extent to which the opinion is consistent with the record as a whole; (5) the relevance of the physician's medical specialization to the opinion; and (6) any other factor that tends to support or contradict the opinion. 20 C.F.R. § 404.1527(c); see SSR 96–2p; Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006). However, the Fourth Circuit has not mandated an express discussion of each factor and another court in this district has held that "an express discussion of each factor is not required as long as the ALJ demonstrates that he applied the . . . factors and provides good reasons for his decision." Hendrix v. Astrue, No. 1:09-cv-1283, 2010 WL 3448624, at *3 (D.S.C. Sept. 1, 2010); see § 404.1527(c)(2) (requiring ALJ to give "good reasons" for weight given to treating source's opinion). A district court will not disturb an ALJ's determination as to the weight to be assigned to a medical opinion, including the opinion of a treating physician, "absent some indication that the ALJ has dredged up 'specious inconsistencies' . . . or has not given good reason for the weight afforded a particular opinion." Craft v. Apfel, 164 F.3d 624, 1998 WL 702296, at *2 (4th Cir. 1998) (per curiam) (unpublished table decision) (internal citation omitted).

Dr. Garmon's opinion, in its entirety, consists of a medical statement regarding Collier's headaches, completed on July 16, 2012. Tr. 728–729. In the statement, Dr. Garmon checked boxes indicating that Collier had migraine headaches that were accompanied by nausea, vomiting, and increased sensitivity to noise; and that Collier experienced migraine headaches several times a month with each episode lasting more than 24 hours. Id. Dr. Garmon then opined that Collier would not be able to work while suffering a headache. Id. at 729. As the magistrate judge noted, there are no medical records accompanying Dr. Garmon's medical statement, and it is unclear whether he ever examined or treated Collier.

In his decision, the ALJ evaluated Dr. Garmon's medical opinion as follows:

> Little weight is given to the July 2012 opinion offered by Dr. Williams Garmon that [Collier] would likely have headaches several times each month that lasted up to one day each. After a thorough review of the medical evidence of record, the undersigned has concluded that this opinion is not supported by the medical evidence of record and reflects the subjective complaints of the claimant.

Tr. 38.

Collier first argues that remand is required "to further evaluate the medical opinion evidence, including the nature of the relationship [Collier] had with Dr. Garmon." Pl.'s Objections 3. In the R&R, the magistrate judge noted that it was unclear whether Dr. Garmon "was even a treating physician." R&R 12. Despite this ambiguity, the magistrate judge went on to assume that Dr. Garmon was Collier's treating physician, and found that the ALJ's decision to discount Dr. Garmon's opinion was supported by substantial evidence. Id. at 12. This court can likewise analyze the ALJ's assessment of Dr. Garmon's opinion under the assumption that he was Collier's treating physician.

Collier next contends that the ALJ "fails to point to any medical evidence that does not support Dr. Garmon's opinion," citing <u>DeLoatche v. Heckler</u>, 715 F.2d 148, 150 (4th Cir. 1983), for the proposition that "judicial review of an administrative decision is impossible without adequate explanation of that decision by the administrator." <u>Id.</u> In <u>DeLoatche</u>, the ALJ "did not explain why he disregarded the positive diagnosis of arthritis by both [of claimant's] treating physicians or their expressed opinion that [claimant] is totally disabled." 715 F.2d at 150. The Fourth Circuit noted that "[w]ithout any explanation or discussion, [the ALJ] characterized [claimant's] past relevant work as sedentary and therefore held that [claimant] was not disabled because she could return to her prior job." <u>Id.</u>

Unlike <u>DeLoatche</u>, in the present case, the ALJ explicitly discussed the weight he gave to Dr. Garmon's opinion, finding that his opinion was not supported by the medical evidence and reflected Collier's subjective complaints. Tr. 38. In her brief, Collier asserts that Dr. Garmon's opinion is supported by the medical record because on five of the nine occasions that she was treated at Inlet Medical Associates prior to July 2012, "migraines or headaches were documented." Pl.'s Br. 22. However, as the magistrate judge noted, the medical record cited by Collier does not support Dr. Garmon's opinion as to the severity of Collier's migraine headaches. Rather, these records, dating from August 2010 to November 2011, merely indicate that Collier reported having headaches that were occasionally treated with prescription medication as needed. <u>See</u> tr. 650–709. There was no assessment of migraines. <u>Id</u>.

Collier also points to medical records from Kaiser Permanente to support Dr. Garmon's opinion. Pl.'s Br. 22. However, as the magistrate judge noted, these records

11

were all documented prior to Collier's alleged disability onset date, while Collier was still working.  Tr. 731, 410, 566; see Bazar v. Colvin, No. 9:14-cv-537, 2015 WL 1268012, at *9 (D.S.C. Mar. 19, 2015) (finding that the ALJ's RFC assessment was supported by substantial evidence, noting that claimant was previously able to work with her alleged disability and that there was no marked worsening in her condition since that time).  In addition, the cited records do not support Dr. Garmon's opinion as to the severity of Collier's migraines.  For example, in October 2006, Collier reported that her migraines were less frequent and were relieved by Fioricet.  Tr. 731.  Further, in May and August of 2009, it was noted that "migraine" was on Collier's "active problem list," but no specific medication was suggested or prescribed during those visits.  Tr. 410, 556.

In light of the medical evidence both in the record and as summarized by the ALJ, as well as the ALJ's discussion of Dr. Garmon's opinion, the court finds that the ALJ adequately considered Dr. Garmon's opinion and that his decision to afford it little weight is supported by substantial evidence.[2]

At this time, the court acknowledges Collier's final argument specific to this objection.  Collier takes issue with the Commissioner's assertion in his brief, which the magistrate judge referenced, that Dr. Garmon's opinion on whether Collier can or cannot work is an issue reserved to the Commissioner.  Pl.'s Objections 3–4; see SSR 96-5p, 1996 WL 374183, at 1 (July 2, 1996) (explaining that an opinion on whether a claimant's RFC prevents him or her from doing past relevant work is an issue reserved to the

---

[2] To the extent Collier argues that the ALJ incorrectly evaluated Dr. Garmon's opinion based on Collier's subjective complaints, such an objection is essentially an invitation to the court to reweigh the evidence and come to its own conclusion.  Such reweighing of the evidence is not within the province of this court.  See Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (holding that a reviewing court should not undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ).

Commissioner). Collier contends that this assertion was "not presented by the ALJ," and therefore the Commissioner's "post hoc argument must fail." Id. at 4. The court finds Collier's argument to be meritless. In the R&R, the magistrate judge merely noted that Dr. Garmon's opinion on Collier's ability to work was "an issue reserved to the Commissioner, and is not entitled to any special significance." R&R 12–13. The magistrate judge did not rely on this assertion to conclude that the ALJ's decision to discount Dr. Garmon's opinion was supported by substantial evidence. R&R 11–15.

Collier's second objection fails.

### C.     Combination of Impairments

Collier's final objection is that the magistrate judge erred in finding that the ALJ properly discussed Collier's severe impairments in combination with her migraine headaches when making the RFC assessment.[3] Pl.'s Objections 5.

Federal law states that:

> In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under this section, the Commissioner of Social Security shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.

42 U.S.C. § 423(B) (2012); see also 20 C.F.R. § 404.1523 (2013) ("[W]e will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity."). "As a corollary,

---

[3] To the extent Collier argues that the ALJ erred in finding her migraine headaches non-severe at step two, such an error is harmless because the ALJ considered the migraine headaches in subsequent steps. See Washington v. Astrue, 698 F. Supp. 2d 562, 580 (D.S.C. 2010) (finding "no reversible error where the ALJ does not find an impairment severe at step two provided that he or she considers that impairment in subsequent steps").

13

the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989).

Upon review of the ALJ's decision, the court notes that the ALJ considered the limitations imposed by Collier's headaches throughout his decision. See tr. 34, 36, 37, 38. The ALJ first addressed Collier's headaches at step two, finding them to be a non-severe impairment. Tr. 34. At step three, the ALJ wrote that he

> has considered the combined effects of the claimant's impairments, both severe and non-severe, and has determined that the findings related to them are not at least equal in severity to those described in Listings 4.00, 4.02, 4.04, and 12.06. In this consideration, the undersigned has specifically considered the cumulative effects of the impairments on the claimant's ability to work. See Walker v. Bowen, 889 F.2d 47 (4th Cir. 1989). The undersigned notes that the claimant's impairments cause her exertional, and environmental limitations. Nonetheless, the claimant's impairments are not, in combination, equal to any Listing(s).

Tr. 36. The ALJ further discussed the combined effects of Collier's impairments at step four, when assessing Collier's RFC. Tr. 37. He specifically noted Collier's testimony as to the severity of her headaches in his discussion of Collier's work limitations. Tr. 38.

In light of the ALJ's thorough discussion of Collier's impairments, both singly and in combination, the court finds that the ALJ included sufficient findings regarding the combination of Collier's impairments for the court to review his conclusion on this issue. See McCoy v. Astrue, No. 0:10-cv-765, 2011 WL 3759696, at *8 (D.S.C. Mar. 16, 2011) (finding "the ALJ's discussions to be sufficient to demonstrate that she considered [claimant's] impairments in combination" given that the ALJ extensively discussed claimant's impairments in the RFC assessment), report and recommendation adopted No. 0:10-cv-0765, 2011 WL 3794085 (D.S.C. Aug. 25, 2011); Thornsberry v. Astrue, No. 4:08-cv-4075, 2010 WL 146483, at *5 (D.S.C. Jan.12, 2010) (finding that "while the ALJ

could have been more explicit in stating that his discussion dealt with the combination of [claimant's] impairments, his overall findings adequately evaluate the combined effect of [claimant's] impairments").

Collier's third objection fails.

## IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's R&R, and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 30, 2015**
**Charleston, South Carolina**